UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                           |   |                         |
|---------------------------|---|-------------------------|
| ROBERT REBAUDO,           | : |                         |
|     Plaintiff,            | : |                         |
| v.                        | : | No. 3:09-CV-00437 (DJS) |
| AT&T SERVICES, INC.,      | : |                         |
|     Defendant.            | : |                         |

## MEMORANDUM OF DECISION AND ORDER

The plaintiff, Robert Rebaudo, brings this action against the defendant, AT&T Services, Inc. ("AT&T"), alleging that AT&T retaliated against him for having filed a complaint of unlawful employment discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 et seq. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332. Now at bar is AT&T's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, AT&T's motion (dkt. # 22) is DENIED.

## I. BACKGROUND[1]

Rebaudo is an individual residing in West Haven, Connecticut. AT&T is a Delaware corporation with its principal place of business in Dallas, Texas. From 1980 until 2006,

---

[1] Unless otherwise noted, the following is drawn from filings related to the motion at bar.

1

Rebaudo worked as a Building Mechanic for AT&T in New Haven, Connecticut.

On June 8, 2005, AT&T notified Rebaudo that another employee had brought undisclosed charges against him. AT&T summoned Rebaudo to a meeting in order to discuss these charges. Rebaudo sought permission to bring an attorney and tape recorder to the meeting, but AT&T refused. Rebaudo did not attend the meeting. In response, AT&T placed him on probation for one year.

On August 14, 2005, Rebaudo filed a complaint with the CHRO, alleging that AT&T's actions in his regard constituted unlawful discrimination.

In December 2005, AT&T accused Rebaudo of having falsified his timesheets. The accusation was subsequently disproven.

On February 28, 2006, less than three weeks from his retirement, AT&T terminated Rebaudo's employment.

On April 11, 2006, Rebaudo amended his CHRO complaint to add allegations that AT&T had falsely accused him of altering his timesheets and had wrongfully terminated his employment in retaliation for his initial complaint to the CHRO. On January 5, 2007, the CHRO issued a right-to-sue letter allowing Rebaudo to initiate legal action against AT&T.

On February 20, 2007, Rebaudo filed his initial Complaint with the Connecticut Superior Court (the "2007 Complaint"). The

2007 Complaint alleged eight state law claims against AT&T, including a claim that AT&T had violated CFEPA by retaliating against him for his complaint to the CHRO.

On March 14, 2007, AT&T removed Rebaudo's case to this Court invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, AT&T explained that the 2007 Complaint, although only alleging violations of state law, actually raised questions governed exclusively by the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141 et seq.

After removing the 2007 Complaint to this Court, AT&T moved for its dismissal. Specifically, AT&T explained that the 2007 Complaint only alleged violations of state law. AT&T then argued that all claims asserted in this manner should be deemed preempted by the LMRA and by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.

On June 12, 2008, the Court ruled that Rebaudo's state law claims, as alleged in the 2007 Complaint, were indeed preempted by federal law. Rebaudo v. AT&T, 562 F. Supp. 2d 345, 351 (D. Conn. 2008). Specifically, the Court ruled that six of the 2007 Complaint's eight counts were preempted by the LMRA because their resolution depended on the terms of Rebaudo's Union's collective bargaining agreement.[2] See id. at 350-51.

---

[2] The six claims deemed preempted by the LMRA were: (1) wrongful discharge; (2) breach of implied contract; (3) breach of the implied covenant

3

In addition, the Court ruled that all of the claims in the 2007 Complaint, including Rebaudo's CFEPA retaliation claim, were preempted by ERISA. Specifically, the Court found that each claim in the 2007 Complaint explicitly "incorporate[d] the allegation that AT&T terminated Rebaudo in order to save money on an employee benefit plan," and thus "implicate[d] ERISA" which "supersedes any and all state laws insofar as they may now or hereafter relate to any [covered] employee benefit plan." Rebaudo, 562 F. Supp. 2d at 350 (citations omitted).

The Court, however, did not enter judgment in AT&T's favor solely on the basis of federal preemption. Id. at 351. Specifically, the Court explained as follows:

> AT&T previously stated that Rebaudo's complaint actually alleges federal claims, yet now is asking the court to dismiss those claims because the state law claims specified in the complaint are preempted by federal statutes, which were not specified in the complaint. AT&T cannot have it both ways.

Id. Instead, the Court interpreted Rebaudo's state law claims as alleging violations of the relevant federal statutes — namely, ERISA and the LMRA. Id. at 352-53. The Court then dismissed the LMRA claims as untimely, and ordered Rebaudo to file an amended complaint properly repleading his remaining claims under ERISA. Id.

On July 23, 2008, Rebaudo filed an amended complaint

---

of good faith and fair dealing; (4) negligent investigation; (5) negligent infliction of emotional distress; and (6) defamation.

4

alleging that AT&T had violated ERISA. Subsequently, the Court ruled that ERISA did not authorize the relief Rebaudo sought, but allowed further amendment to the complaint in order to rectify this new defect. Rebaudo v. AT&T, 582 F. Supp. 2d 250, 252-54 (D. Conn. 2008).

On February 4, 2009, Rebaudo filed a further amended complaint. This amended complaint, however, no longer alleged any ERISA violations at all, but instead only alleged unlawful retaliation in violation of CFEPA and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.

On February 10, 2009, the Court dismissed Rebaudo's Title VII retaliation claim. The Court explained that this claim was time-barred because it was never previously asserted and far more than ninety days had already elapsed since the relevant right-to-sue letters had been issued. Rebaudo v. AT&T, No. 3.07-CV-00396, 2009 WL 507042, at *2 (D. Conn. Feb. 10, 2009).

In contrast, the Court found that Rebaudo's CFEPA retaliation claim was timely because it had originally been asserted as part of the 2007 Complaint. Id. at *3. Nonetheless, the Court also dismissed Rebaudo's CFEPA retaliation claim, explaining as follows:

> [I]n light of the fact that Rebaudo is barred from bringing a Title VII claim, it would be futile to allow him to amend his complaint to allege only a CFEPA retaliation claim. CFEPA is a Connecticut statute, not a federal law. The Court does not have

5

original jurisdiction over CFEPA claims.

Id. (citing 28 U.S.C. § 1331).

Seven days later, on February 17, 2009, Rebaudo filed a new Complaint with the Connecticut Superior Court (the "2009 Complaint"). The 2009 Complaint reasserts his CFEPA retaliation claim against AT&T, and invokes jurisdiction to do so pursuant to Connecticut's Accidental Failure of Suit Statute, Conn. Gen. Stat. § 52-592.[3]

On March 20, 2009, AT&T again removed the case to this Court, but this time, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. AT&T now moves to dismiss the 2009 Complaint on the ground that it fails to state a claim upon which relief can be granted.

---

[3] Conn. Gen. Stat. § 52-592, in relevant part, provides:

(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form[,] . . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . .

(d) The provisions of this section shall apply . . . to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. . . .

6

## II. ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Correspondingly, a claim is subject to dismissal to the extent that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss made pursuant to Rule 12(b)(6), a claimant must have alleged "'enough facts to state a claim to relief that is plausible on its face.'" Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309, 1322 n.12 (2011) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Litwin v. Blackstone Group, L.P., 634 F.3d 706, 715 (2d Cir. 2011). A claim is plausible on its face when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Litwin, 634 F.3d at 715. In determining a claim's plausibility, the court may draw facts from the complaint itself, from documents attached to it as exhibits, and from documents it incorporates by reference. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (quotation marks and citation omitted). Facts may also be drawn from other documents

that are not incorporated by reference, but only if the complaint "relies heavily upon [the] terms and effect" of such documents, "thereby rendering [them] integral to the complaint," and the record clearly shows that the parties do not materially dispute their authenticity, accuracy, and relevance. Id.

The ultimate inquiry, however, is not whether the claimant will prevail, but rather, is whether he "is entitled to offer evidence to support [his] claims." Matson v. Board of Educ. of City School Dist. of New York, 631 F.3d 57, 72 (2d Cir. 2011) (quotation marks and citation omitted). Thus, "a complaint attacked on a motion to dismiss pursuant to Rule 12(b)(6) will survive so long as the factual allegations — viewed in a light most favorable to the plaintiff and drawing all reasonable inferences in his favor — are sufficient to 'raise a right to relief above the speculative level.'" Matson v. Board of Educ. of City School Dist. of New York, 631 F.3d 57, 72 (2d Cir. 2011) (quoting Twombly, 550 U.S. at 555).

Here, AT&T argues that the 2009 Complaint fails to state a claim upon which relief can be granted because Rebaudo's CFEPA retaliation claim, which was previously dismissed, cannot be reasserted pursuant to Connecticut's Accidental Failure of Suit Statute, Conn. Gen. Stat. § 52-592. Specifically, AT&T argues that § 52-592 does not apply because Rebaudo's claim was: (1) dismissed on the merits; and (2) abandoned. (Dkt. # 22, pp. 9-

13.)

It should initially be noted that AT&T's two arguments seem inconsistent with one another:  Had Rebaudo's claim been dismissed on the merits, there would be nothing left for him to abandon.  Conversely, had he abandoned his claim, there would be nothing left to decide on its merits.  Each argument, if true, forecloses the other.  Thus, Rebaudo's claim cannot <u>both</u> have been dismissed on the merits <u>and</u> abandoned.

Setting this inconsistency aside, AT&T rests its argument that Rebaudo abandoned his CFEPA claim on an observation to that effect in footnote two of this Court's February 10, 2009, ruling.  (<u>See</u> dkt. # 22, p. 12.)  That footnote underscores the significance of Rebaudo's failure to challenge the Court's prior conclusion with respect to ERISA preemption.  <u>See</u> <u>Rebaudo</u>, 2009 WL 507042, at *3 n.2 ("Rebaudo did not file a motion asking the Court to reconsider its finding that ERISA preempted his CFEPA claim. Such a motion would be grossly untimely now.  Thus, the Court considers the CFEPA claim to be abandoned.").

Ultimately, however, Rebaudo's CFEPA claim was not dismissed for that reason, nor was it decided on its merits.  Rather, it was unambiguously dismissed for lack of jurisdiction.  Specifically, the Court declined to continue to exercise supplemental jurisdiction solely over Rebaudo's CFEPA claim — a state-law claim — after having dismissed his Title VII claim —

9

his only remaining federal-law claim.  Rebaudo, 2009 WL 507042, at *3.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

General Statutes § 52-592 allows a plaintiff to commence a new action in state court in lieu of "any action brought to the United States . . . district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court."  Conn. Gen. Stat. § 52-592(d).  The Appellate Court of Connecticut has specifically explained that this provision applies to state law claims over which a federal court has declined to exercise supplemental jurisdiction, observing that the claimant in such circumstances is deprived of an "adequate opportunity to litigate" the dismissed state claims.  Daoust v. McWilliams, 49 Conn. App. 715, 722-30, 716 A.2d 922, 927-30 (1998) (quoting Connecticut National Bank v. Rytman, 241 Conn. 24, 43-44, 694 A.2d 1246 (1997)).

Here, the Court declined to exercise supplemental jurisdiction over Rebaudo's CFEPA retaliation claim in the prior action, and Rebaudo has not otherwise received an "adequate opportunity to litigate" that claim.  Rebaudo therefore properly relies on § 52-592 to reassert his CFEPA retaliation claim in

the 2009 Complaint.  Accordingly, AT&T's motion to dismiss must be denied.

### III. CONCLUSION

For the foregoing reasons, AT&T's Motion to Dismiss **(dkt.# 22)** is **DENIED**.

SO ORDERED this 9th day of August, 2011.

                                                _____/s/DJS_____
                                                  **DOMINIC J. SQUATRITO**
                                      **UNITED STATES DISTRICT JUDGE**